## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN WILCOX,

     Plaintiff,

v.                                     No. 1:20-cv-01018-KWR-LF

JOHN GAY, *et al*,

     Defendants.

## ORDER DIRECTING AMENDMENT AND DENYING REQUEST FOR APPOINTED COUNSEL

**THIS MATTER** is before the Court on Plaintiff John Wilcox's Prisoner Civil Rights Complaint (Doc. 1) (Complaint).   Also before the Court is his Motion to Appoint Counsel (Doc. 10).   Plaintiff is a state inmate proceeding *pro se* and *in forma pauperis*.   His Complaint consists of 110 pages and raises claims based on the First Amendment right to receive mail and information. Plaintiff describes every instance over a four-year period where prison officials allegedly rejected mail; delayed delivery; or opened legal mail outside of his presence.   The Complaint names eleven individual Defendants along with at least ten other John Does.   *See* Doc. 1 at 6.

The Complaint functions as a quintessential "kitchen-sink" pleading, "bring[ing] every conceivable claim against every conceivable defendant."   *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").   Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support."   *D.J. Young,* 2012 WL 4211669, at *3; *see also McNamara v. Brauchler*, 570 Fed.

App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which ... pertinent allegations to which a response is warranted").

The Court will require Plaintiff to file a single amended complaint within thirty (30) days of entry of this Order.   The amendment must comply with Fed. R. Civ. P. 8(a) and contain a short and plain statement of the grounds for relief.   Plaintiff should "explain what each defendant did to him ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Listing the names of various prison officials along with their duties is insufficient to show personal involvement for purposes of 42 U.S.C. § 1983. Plaintiff is also reminded that entities and prison supervisors cannot be held liable under § 1983 because they oversee a wrongdoer.   They can only be liable if they were personally involved or if they promulgate an official policy/custom that leads to the constitutional violation.   *See Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).   If Plaintiff declines to timely file an amended complaint or files an amendment that violates this Order, the Court will dismiss his case with prejudice.

As to Plaintiff's motion, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney take the case" on a *pro bono* basis.   *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).   This decision is a matter of discretion.   *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).   Relevant factors include "the merits of the claims, the nature of the claims, ability to present the claims, and the complexity of the issues."   *Rachel*, 820 F.3d at 397.   Considering these factors, the Court will not take the extraordinary step of asking a local

attorney to represent Plaintiff on a *pro bono* basis.   The facts are not particularly complex. Beyond citing his indigence and lack of legal knowledge - which unfortunately are factors in most *pro se* cases - Plaintiff has not demonstrated an inability to prosecute the action.

       **IT IS ORERED** that the Motion to Appoint Counsel (**Doc. 10**) is **DENIED**.

       **IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file a single, amended complaint as specified above.

       **IT IS ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**